# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

DIANNE M. GNATZIG,

        Plaintiff,

v.                                                     Case No. 08-CV-246

MEDCO HEALTH SOLUTIONS, INC.,

        Defendant.

_____

## ORDER

On July 2, 2009, Plaintiff Dianne Gnatzig ("Gnatzig") filed a motion for attorneys' fees and costs arising from this court's order compelling defendant Medco Health Solutions, Inc. ("Medco") to produce discovery. Gnatzig originally filed a motion to compel discovery on December 2, 2008, seeking two items: 1) an unredacted calendar maintained by Gnatzig's manager during her employment at Medco; and 2) documents related to a harassment complaint filed against Gnatzig. The court held a hearing on the motion to compel on December 22, 2008. At the hearing, the court denied Gnatzig's motion to compel the complaint materials. However, the court instructed Medco to submit an unredacted calendar for the court's review. The court then issued an order on February 6, 2009, compelling Medco to disclose eleven specific, relevant calendar entries to Gnatzig. Four months later, the court granted summary judgment to Medco.

Gnatzig now seeks an award of attorneys' fees and costs based on the court's partial grant of her motion to compel, pursuant to Federal Rule of Civil Procedure 37.

The rule directs a court granting a motion for disclosure of discovery to award the moving party "reasonable expenses," including attorneys' fees, incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). However, the court need not order such payment if the opposing party's nondisclosure or objection was substantially justified or other circumstances make an award unjust. *Id.* Based on this rule, Gnatzig moves for fees and costs in the amount of $1,485.67.

The court will not award Gnatzig attorneys' fees or costs. After reviewing the subject calendar, the court compelled the disclosure of only eleven brief entries comprising isolated phrases, such as "Staff Meeting" or "HR Issues Discussion." (*See* February 6, 2009 Order, Docket #37). The court declined to compel disclosure of any of the remaining calendar entries due to a lack of relevance. Therefore, the court strictly limited its grant of Gnatzig's motion to compel the redacted calendar entries and denied her motion to compel the harassment complaint materials in its entirety. Rule 37 provides that when a motion to compel is granted in part and denied in part, the court may apportion the reasonable expenses. Fed. R. Civ. P. 37(a)(5)(C). The court declined to award attorneys' fees and costs to Medco after denying Gnatzig's motion to compel the harassment complaint materials at the December 22, 2008 hearing. (*See* Hearing Minutes, Docket #24). The court similarly declines to grant attorneys' fees and costs to Gnatzig. Neither party prevailed fully on the motion to compel and it is appropriate that each party bears its own costs incurred in bringing and defending against the motion. Further, the court ultimately

awarded summary judgment to Medco and dismissed Gnatzig's action.  Thus, the court finds that an award of costs and attorneys' fees is unwarranted and will deny the motion.

Accordingly,

**IT IS ORDERED** that Gnatzig's motion for attorneys' fees (Docket #44) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge